# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGINA ESPINOZA-GRAJEDA, et al.,<br><br>Defendants. | CASE NO: 2:23-CR-00414-DS<br><br>ORDER TO CONTINUE TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT<br><br>Judge David Sam |

Having considered the United States of America's Motion to Continue Trial and Exclude Time under the Speedy Trial Act, the court hereby finds as follows:

1. The discovery in this case is complex and voluminous, including a wiretap investigation, surveillance logs, numerous pole cameras and respective data, interviews, and other pertinent records.

2. Additionally, the number of defendants in this indictment is large, which creates difficulty relating to scheduling hearings/status conferences and setting trial dates.

3. Based on this voluminous discovery, the large number of defendants, and the complexity of this case, the Court finds that the application of the factors laid out in 18 U.S.C. § 3161(h)(7)(B)(i), (ii) and (iv) are appropriate in this case.

4. Based on the motion from the government, failure to grant exclusion of time would deny defense counsel the reasonable time necessary for

effective preparation of a defense, including full review of the voluminous discovery, adequate preparation or evaluation of potential pre-trial motions, and possible trial preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(A).

5. The Court further finds that the period of time involved in the requested continuance is excludable from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) *et seq.*, based on the fact that the ends of justice served by striking the trial, setting a status conference, and excluding time – based on the reasons outlined above – outweigh the best interest of the public and the defendants in a speedy trial.

Based on the foregoing findings, and good cause appearing, it is hereby

ORDERED:

a. That the currently set jury trial is continued to September 15, 2026;

b. The time from May 12, 2026, up to and including September 15, 2026, be excluded under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7); and

c. That the ends of justice served by this order outweigh the best interest of the public and the defendant in a speedy trial because a failure to exclude time may prevent the defendants from adequately reviewing the voluminous discovery and wiretaps, preparing potential pre-trial motions, as well as adequately preparing for trial.

DATED this 29th  day of April, 2026.

BY THE COURT:

DAVID SAM
Senior Judge
United States District Court